## Case No. 14,631.
### UNITED STATES v. BOWMAN.
[2 Wash. C. C. 328.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1808.

PERJURY — INDICTMENT — AVERMENT OF TIME OF COMMITTING OFFENCE.

Where an indictment for perjury did not state the day upon which the trial took place, and on which the defendant was sworn in the case in which the perjury was alleged to have been committed, the court arrested the judgment.

[Cited in Rhodes v. Com., 78 Va. 696; Dill v. People (Colo. Sup.) 36 Pac. 231.]

The indictment states, that at a circuit court, held for the district of Pennsylvania, at Philadelphia, in said district, on the 11th of October, 1808, before the justices of that court, a certain indictment was found by the grand jury, then and there empannelled and sworn, to inquire against one J. S. Hutton, mariner, for that, on the 20th of September, 1807, a certain schooner, named the Matilda, a vessel of the United States, was unlawfully and voluntarily employed in the transportation and carrying of slaves from one foreign place to another, viz. from Bravo, a foreign place, to certain other foreign places mentioned in the indictment; and that the said J. S. Hutton, then and there mate of said schooner, did then and there voluntarily, &c., serve in the capacity of mate on board said vessel, the same being then and there, voluntarily and unlawfully employed in the carrying slaves from one foreign place to another, against the form, &c.; and the said J. S. Hutton, being in due form arraigned at the bar, in the said circuit court, upon the said indictment, pleaded not guilty; and issue being joined, the said J. S. Hutton was thereupon put on his trial, and was in due manner tried, at the said circuit court, by a jury, for the said misdemeanor, in said indictment alleged; that at the said trial, so then and there had as aforesaid, W. Bowman appeared as a witness on behalf of the United States upon said trial, and was sworn, and took his corporal oath before the said judges, (again naming them, and stating that they had authority to administer the oath,) and being so sworn, the said Bowman, intending to cause the said J. S. Hutton unjustly to be convicted of said misdemeanor, falsely, &c. did depose that (here follows a statement of his evidence, which fully supported the indictment against Hutton;) whereas, in truth and in fact, the said schooner Matilda never did proceed from, &c. (and so denying the whole of the defendant's testimony, and averring its falsity.)

The objections made in arrest of judgment, are, that the time when the offence was committed is not sufficiently averred; that it is not averred, that the testimony given by

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

the defendant was material; and that it is not averred, that Hutton was a citizen of the United States, without which, no offence was committed. Cases cited in support of this objection: 2 Hawk. P. C. c. 25, §§ 75, 78, 83; 1 Term R. 69; 5 Term R. 316; Doug. 193; Cowp. 230; 5 Esp. 259; Cro. Eliz. 148; 7 Mod. 101.

Mr. Dallas cited Cr. Cir. Comp. 202; 1 Lil. Ent. 297; 4 Wentw. Prec.—to show, that all that is material is alleged; and he contended, that if the oath appears on the face of the indictment, to have been material, an allegation is not necessary—aliter, if you wish to connect the oath with the point at issue. As to the time, it is sufficiently averred—the words "then and there," in the latter part of the indictment, sufficiently connecting the time of taking the oath, with the 11th October, the time of holding the court.

WASHINGTON, Circuit Justice. The time when the false oath was taken, is not sufficiently alleged. The indictment states, that the indictment against Hutton was found at a circuit court held on the 11th October, 1808, before BUSHROD WASHINGTON and RICHARD PETERS; that Hutton, against whom it was found, being in due form arraigned upon the indictment, (not saying when,) pleaded not guilty, and issue being joined, Hutton was put on his trial, (not saying on what day,) and was tried. The "then and there," afterwards mentioned as to the evidence of Bowman, plainly refers to the trial, but that has no time to refer to. In the case of Rex v. Aylett [1 Term R. 63], the day on which the cause was heard, and when the oath was taken, is expressly stated. In the case of Rex v. Dowlin [5 Term R. 311], the indictment stated, that Kimber was tried on the 7th June, on an indictment, then and there depending against him, and that Dowlin, on said trial, on said 7th June, took a false oath, &c. For this reason, therefore, the judgment must be arrested.