## THE STATE *v.* OFFUTT.

Perjury may be committed in giving evidence before a grand jury.
An indictment for perjury must state a day certain on which the offence was committed.

ERROR to the *Rush* Circuit Court.

DEWEY, J.—This was an indictment for perjury, charged to have been committed in giving evidence before a grand jury, legally impanelled in the *Rush* Circuit Court. The prisoner moved the Court to quash the indictment; the motion was sustained, and the prisoner discharged. The reason assigned in support of the motion, and alleged by the Court as the ground of quashing the indictment, was, that the "law does not warrant an indictment for perjury founded on a swearing before a grand jury."

There is not the slightest foundation for this proposition. By our statute, every person, who, having taken a lawful oath or affirmation in a judicial proceeding, or other matter in which the law requires an oath, shall swear or affirm falsely, wilfully, and corruptly touching any material matter,—or who shall thus swear or affirm before any officer authorised to administer an oath, to any certificate, or affidavit, or statement of any nature whatever, or for any purpose whatever,—shall be deemed guilty of perjury. That these provisions extend to false evidence before a grand jury, admits not of the least doubt.

The Circuit Court, however, committed no error in quashing the indictment. It is vicious for want of a day certain being laid on which the committing of the perjury is charged. The charge is, that the offence was committed before the grand jury impanelled, &c., at a Circuit Court begun and held

Nov. Term, 1837.

on, &c. This is not sufficient; a particular day should be named.

*Per Curiam.*—The judgment is affirmed. To be certified, &c.

*W. Quarles*, for the state.

*C. B. Smith* and *C. H. Test*, for the defendant.