State *v.* Hanson.

---

## STATE *versus* HANSON.

It is not enough to aver in an indictment for perjury, that the perjury was
committed in a proceeding in a course of justice.

Where the perjury is predicated upon answers made by the respondent to
certain interrogatories propounded to him on a writ of *scire facias*, unless
the indictment alleges the entry or pendency of such writ in court, it will
be invalid.

Designating the term of the Court at which the offence charged happened, is
not a sufficient averment of the time required to be stated in the indictment.

INDICTMENT FOR PERJURY.

There was a general demurrer and joinder.

The substance of the indictment is recited in the opinion of the Court.

*Webster*, in support of the demurrer.

Every material fact which serves to constitute the offence charged should be alleged and set forth in the indictment with precision and certainty as to time and place. *State* v. *Thurston*, 35 Maine, 205; *State* v. *Baker*, 33 Maine, 52; 3 Bac. Abr. 106, Indictment, G, 4; *Reg.* v. *Pelham*, 8 A. & E., N. S. 959; 2 Hale's P. C. 178; Hawk. B. 2, c. 25, § 78; Hawk. B. 2, c. 23, § 88; 1 East's P. C. 346; 1 Chit. C. L. 219; *Rex* v. *Holland*, 5 T. R. 607.

It is not shown by the indictment that the oath was not extra-judicial. *Commonwealth* v. *White*, 8 Pick. 453; *State* v. *Furlong*, 26 Maine, 69; *King* v. *Aylett*, 1 T. R. 63; *King* v. *Dowlin*, 5 T. R. 311.

*D. D. Stewart*, County Att'y, for the State.

The allegations in the indictment show that the perjury was committed in a proceeding in a course of justice. That is sufficient, so far as it relates to the proceeding in which the perjury is alleged to have been committed., *Commonwealth* v. *Warden*, 11 Met. 407.

SHEPLEY, C. J. — This is an indictment for perjury, to which the defendant has demurred. It recites, that a judgment had been recovered by Oramandel D. Merrick against James Christie, jr., as principal, and James Christie, sen. and the defendant, as trustees; that an execution had been issued thereon, by virtue of which a demand had been made upon the defendant, for the goods of the principal in his possession. It alleges, that a writ of *scire facias* had been issued in favor of the plaintiff, in the first suit against the defendant, returnable to the District Court holden at Norridgewock, on the first Tuesday of May, 1851, which had been duly served upon the defendant, who had appeared at that Court and made oath that he had not any goods or

effects of the principal in his hands or possession, and that he made answers on oath to certain interrogatories then propounded to him by the plaintiff in that suit. It contains an averment that the Court had authority to administer the oath; and that the defendant was then and there required " to depose and answer the truth in a proceeding in a course of justice." It does not contain any allegation that the writ of *scire facias* had been entered or was pending in Court, or that the defendant pleaded or answered to that suit, or that his answers were made in that suit.

Perjury by the common law can only be committed in a judicial proceeding. As defined by statute, c. 158, § 1, the false oath may be made " to any material matter in any proceeding in any court of justice, or before any officer thereof, or before any tribunal or officer created by law; or in any proceeding, or in regard to any matter or thing, in or respecting which an oath or affirmation may be required or authorized by law." There must be some proceeding, matter or thing, to which the oath was taken; and by the common law the indictment must set it forth, so as to exhibit its character and the jurisdiction of it by the court or magistrate.

It was provided by statute, 23 George II., c. 11, that it should be sufficient to set forth in the indictment the substance of the offence, without setting forth at large the process or proceedings. No such statute exists here. In stating the substance, it has been required that there should be in the indictment a statement of the cause, process or proceeding as pending, or that the perjury was committed on trial in some civil or criminal proceeding. And so are the established forms. 2 Chitty's Cr. Law, 308; 2 Russell, 519; Wharton's Cr. Law, 754, 3d ed.; *King* v. *Aylett*, 1 T. R. 63; *King* v. *Dowlin*, 5 T. R. 311; *Lavey* v. *Regina*, 7 Eng. C. & Eq. 401; *Commonwealth* v. *Warden*, 11 Met. 406. The case last named is relied upon as deciding that it is sufficient to aver, that " the perjury was committed in a proceeding in a course of justice." The case does not

appear to authorize such a conclusion. The indictment in that case appears to have alleged, that the accused exhibited to the magistrate " an answer in writing of him, the said Gilbert Warden, to the bill of complaint of him, the said Alpheus Harding, then pending in the said Supreme Judicial Court, and made oath to it." The opinion states, that the allegations sufficiently charged, " that the defendant legally became a party to a proceeding in a court of justice."

It is said, that the indictment in this case was drawn in accordance with the precedent found in 2 Chitty's Crim. Law, 400. But that form contains an allegation, that the interrogatories were exhibited in a cause " then depending and at issue in the said court of chancery," and that the false oath was sworn in answer thereto, before a master in chancery authorized to administer it. There is in this indictment no averment, that the interrogatories were exhibited in any cause or proceeding pending or at issue, or on trial before the court.

In the case of the *People* v. *Phelps*, 5 Wend. 10, and *People* v. *Warner*, idem, 271, the false oath is alleged to have been sworn to a petition presented to the Recorder in a case of insolvency. An objection appears to have been made to the indictment, that it did not contain sufficient averments to show, that the Recorder had jurisdiction of the matter so as to be entitled to administer the oath. It being averred, that he had authority and that the oath was taken to a petition in insolvency, presented to him, the objection was overruled. There was in that State a statute provision similar to that of 23 Geo. II., c. 11. And yet those decisions do not appear to have met with entire approbation. *The People* v. *Tredway*, 3 Barb. 470.

This indictment appears to be defective in another respect. The day, month and year, when an offence was committed, must be alleged in an indictment, although it may not be necessary to prove it to have been committed on that day. Com. Dig. Indict., G, 2; 1 Chitty's Cr. Law, 217; Wharton's Cr. Law, 162–4; *United States* v. *LaCoste*, 2

Mason, 129; *United States* v. *Bowman*, 2 Wash. C. C. 328; *State* v. *Offutt*, 4 Blackf. 355; *Erwen* v. *The State*, 13 Missou. 306. The indictment alleges, that the defendant appeared before the Court, holden on the first Tuesday of May, 1851, and on oath declared, and that at the same term of the Court he answered on oath interrogatories in writing. These averments are in substance, that he appeared before the Court, during a certain term named, and there made the false answers; without stating any month or day of the month during that term, when those answers were made. *Demurrer allowed and Indictment quashed.*