THE STATE v. SCHILL.

1. Criminal law: INDICTMENT: PERJURY.   An indictment for perjury is sufficient, under § 4659 of the Revision, when the act charged as the offense, is stated with such a degree of certainty, and in such manner, as to enable a person of common understanding to know what is intended, and the court to pronounce judgment.

2. —— PERJURY: INDICTMENT.   In an indictment for perjury for false swearing in a criminal investigation before a grand jury, it is not necessary to allege that the party charged with the offense that was under investigation before the grand jury was or was not guilty thereof, nor the facts constituting such offense.

3. —— PERJURY BEFORE GRAND JURY.   Perjury may be committed by willfully giving false testimony of a material character before a grand jury.

*Appeal from Dubuque District Court.*

MONDAY, JUNE 14.

PERRURY: FALSE  TESTIMONY  BEFORE  GRAND  JURY: RE- QUISITES OF INDICTMENT, ETC.: DEMURRER TO INDICTMENT. The error assigned by the State is that the court erred in sustaining the defendant's demurrer to the indictment. The indictment is as follows:

| " The State of Iowa *agst.* Zacharias Schill. | *District Court of the county of Dubuque.* |

" The grand jury of the county of Dubuque, in the name and by the authority of the State of Iowa, accuse

Zacharias Schill of the crime of perjury, committed as follows:

" The said Zacharias Schill, heretofore, to wit: On the seventeenth day of February, A. D. 1868, in the county aforesaid, in a criminal investigation then pending before the grand jury of said county, wherein one Willliam Meyer, a justice of the peace of said county, was charged with oppression in office, which said matter the said grand jury then and there had lawful power and authority to investigate, and he, the said Zacharias Schill, then and there, before the said grand jury, in due form of law, was sworn by John Palmer, then and there the foreman of the said grand jury, and took his corporal oath the truth to speak concerning the matters charged against the said William Meyer, he, the said John Palmer, foreman of the said grand jury, then and there having lawful power and authority to administer the said oath to the said Zacharias Schill in that behalf; and the said Zacharias Schill, being so duly sworn as aforesaid, then and there, upon his oath aforesaid, before the grand jury aforesaid, falsely, willfully, corruptly and feloniously, did depose and swear, in substance and to the effect following:

" I was arrested by a constable who had a warrant against me, and was brought before Justice Meyer. In the office there was a young woman named Anna Lillie; the justice asked me if I knew the woman; I said I knew her; Justice Meyer then asked me if I was ready to marry this woman; I said I would not do such a thing; the justice said I must marry the woman, Lillie, before I left the room, or pay a fine of $1,000, and be imprisoned in the penitentiary for five years. The justice then told me to stand up and take my place by the side of the woman. After I had done this, Mr. Meyer took my hand and by force placed it in the hand of the woman. The justice then said some words in English to me, which I

The State v. Schill.

could not understand; the justice then said to me in German, 'You are now married to this woman,' whereas, in truth and in fact, the said Justice Meyer did never at any time tell the said Zacharias that he must marry the woman, Lillie, before he left the room, as he, the said Zacharias Schill, then and there well knew, and did not at any time tell the said Zacharias Schill that if he did not marry the woman, Lillie, he would have to pay a fine of $1,000, and be imprisoned in the penitentiary for five years, as he, the said Zacharias Schill, then and there well knew; and, whereas, the said Justice Meyer did never at any time take the hand of said Zacharias Schill by force and place it in the hand of the woman, as he, the said Zacharias Schill then and there well knew, which said matter, so sworn to before the said grand jury by the said Zacharias Schill, was material matter in the investigation then going on before the said grand jury in reference to the charge of oppression in office by the said William Meyer, then and there being heard by the said grand jury.

"And so the grand jury of the county of Dubuque, in the name and by the authority of the State of Iowa, do say that the said Zacharias Schill, on the 17th day of February, A. D. 1868, at Dubuque county aforesaid, before the grand jury of said county, by his own act and consent in manner and form aforesaid, falsely, willfully, corruptly and feloniously did commit willful and corrupt perjury.

"M. M. TRUMBULL,
"*District Attorney in and for the 9th Judicial District.*"

This indictment was properly indorsed by the foreman of the grand jury, and by that body duly presented to the District Court of Dubuque county at the June Term, 1868.

The defendant demurred, and for cause states,

1. That the indictment does not give the title of any court known under the laws of Iowa.

2. It is not entitled to any term of court.

3. It does not set out any of the facts constituting, or upon which the charge of oppression in office by the said William Meyer was based, nor the time when or upon whom said oppression was practiced.

4. It does not allege that the defendant's testimony was of and concerning the matter charged against said William Meyer.

5. The language set out in said indictment, and charged to have been used by the defendant, does not charge the said William Meyer as being guilty in any official manner of oppression in office.

The demurrer was sustained. The district attorney excepted. The State appeals.

*Henry O'Connor*, Attorney-General, and *M. M. Trumbull* for the State.

No argument on file for the defendant.

DILLON, Ch. J. — Respecting the first and second grounds of demurrer, as it is certain the court should not, 1. CRIMINAL and probable that it did not, sustain them, LAW: indict- ment: perjury. we need not discuss them at length. Rev. §§ 4648, 4659.

As to the fourth ground of demurrer : It will be seen by reference to the indictment, that it alleges that the grand jury were investigating a charge against one Wm. Meyer, a justice of the peace, for oppression in office (an indictable offense under the statute); that they had authority to make such investigation ; that the defendant was duly sworn by the foreman of the grand jury (he having power under the statute to administer oaths), and

The State v. Schill.

it is specially alleged that the defendant "took his corporal oath the truth to speak concerning the matters charged against the said William Meyer." This, together with the defendant's testimony, which is set out in the indictment, shows with all the certainty required by the statute (Rev. § 4659) that the defendant's evidence before the grand jury "was of and concerning the matter charged against the said William Meyer." This ground of objection to the defendant is, therefore, untenable.

The third and fifth grounds of the demurrer are kindred in their nature and may be considered together. It is to be remembered that the defendant is indicted for perjury. The third ground of demurrer proceeds upon the notion that it is necessary to set forth the facts constituting the offense of official oppression on the part of Meyer with particularity.

*2. —— perjury: indictment.*

The fifth ground of the demurrer assumes that the testimony given by the witness before the grand jury, in order to subject him to an indictment for perjury, must have been such as to show that the officer was really guilty of the offense of oppression in office. In an indictment for the latter offense the facts showing the offense must, of course, be stated. In an indictment for perjury, however, while it is necessary to state when and where the false testimony was delivered, so as to show that it was before a tribunal or officer created by law, and in regard to a matter in which an oath is authorized or required by law, and while it is necessary to state with particularity the testimony which was given, its falsity and its materiality, it is not necessary to allege that the party charged with the offense under investigation by the grand jury was or was not guilty thereof, and, of course, not necessary to aver (as the demurrer erroneously supposes) the facts constituting such offense, and that the person accused was guilty thereof.

That this must be so will be manifest by a few considerations : The grand jury is, by the law (Rev. ch. 197), *3. —— perjury before grand jury.* endowed with the power and charged with the duty of inquiring into all indictable offenses committed, or which may be tried within the county. § 4626. It is their duty *to inquire*. They cannot tell in advance of inquiry whether in fact an offense has been committed or who committed it. They can only act upon testimony given under oath by witnesses produced, sworn and examined before them, or upon legal documentary proof. § 4627. That perfury may be committed by, willfully giving false testimony, òf a material character, before the grand jury, is evident, and is recognized by the statute. §§ 4271, 4639, 4640 ; and see *State* v. *Fasset*, 16 Conn. 457 ; *Thomas* v. *Com*, 2 Rob. (Va.) 795 ; *State* v. *Offutt*, 4 Blackf. 355. Official oppression is made an indictable offense. Rev. Sec. 4305. It was the right of any citizen to prefer against William Meyer a charge of official oppression. It would then be the duty of the grand jury to inquire into the truth of the accusation. They may or may not find the charge to be true ; may or may not find a bill. They may get a portion of the facts from one witness, and all the facts necessary to enable them to form their conclusion may come from many witnesses. How can this body discharge their duty of inquiring and true presentment making, unless witnesses are bound to tell the truth in respect to any matter which the body has the power by law to investigate ? It is not the practice in this commonwealth for the State's attorney to prepare a bill in advance and submit it to the grand jury. They investigate, call witnesses before them, elicit all the facts, then determine whether they will find a bill, and, if so, for what offense. The State's attorney is then ordered to draft it. The defendant might be guilty of perjury before the

grand jury, though Meyer was innocent of official oppression, and though, in fact, no such offense had ever been committed by him.

It is alleged in the indictment that the grand jury were investigating a charge of official oppression against William Meyer; that they had lawful authority to investigate that charge; that the matters sworn to by the defendant (which are particularly stated as well as their falsity) were material in the investigation then proceeding before the grand jury, etc. On demurrer, these allegations are to be taken as true. They show that the oath was before a tribunal and in a proceeding authorized by law.

Without more particularly going into an examination of the requisites of an indictment for perjury committed before a grand jury (see at common law, *Regina* v. *Hughes*, 1 C. & K. 519 ; Whart. Prec. Ind. 313), we are of opinion that under our statute, modifying the common law strictness (Rev. ch. 199) and under our practice, the indictment, in the case now under consideration, was sufficient, as respects the various objections set down against it in the demurrer.

The judgment of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.