# Richmond.

## RHODES v. THE COMMONWEALTH.

March 13th, 1884.

### Absent, *Lewis*, P.

1. CRIMINAL PROCEEDINGS—*Indictment—Time laid—Perjury.*—As a general rule, time of commission of offence, as laid in indictment, is not material, and confines not proof to time laid ; but where time laid is provable by record, and in indictment for perjury, time must be truly and precisely laid, and failure so to state it renders indictment demurrable.   Code 1873, ch. 201, § 5.

2. IDEM—*Indictment for perjury.*—Where one is indicted for swearing contradictorily on two occasions, prosecutor must elect which oath he holds to be perjured, and that oath he must affirmatively prove to be false.   If defendant is shown to have sworn contradictory oaths without more, *non constat* which is false.

3. IDEM.—*Idem—Materiality.*—The matter of the false oath must be material.   If it be not material, the fact that it is false will not sustain the conviction.

4. IDEM—*Idem—Idem—Case at bar.*—R swore that M had stolen bacon and offered to sell it to him November 15th, 1875.   Later, R swore that M had stolen bacon and offered to sell it to him just before Christmas, December, 1875.   On indictment against R for perjury, it was not proved that M did not steal bacon ; but it was proved that R made contradictory statements as to the date.   R was convicted.   On error—

HELD :

    1. The stealing of the bacon was the material matter of the charge.
    2. The date of the offer to sell was not material to the offence.
    3. The oath as to the date was not material to the issue, and was not likely to induce the jury to give the readier credit to the substantial part of the evidence.
    4. R was not guilty of perjury.

Error to judgment of circuit court of Rockingham county, rendered June 23d, 1882, affirming judgment of county

court of said county, on an indictment against James M. Rhodes for perjury, sentencing him to pay fine of $100 and costs of prosecution, and to confinement in jail for twelve months. The alleged purjury was that, whereas said Rhodes swore before justices examining W. R. Miller on charge of larceny of bacon, that said Miller offered to sell him bacon on 15*th November*, 1875. Rhodes afterwards, at the trial before the court, swore falsely and corruptly that he did not so state, but stated that said Miller offered to sell him bacon in December, 1875. Indictment failed to state accurately the day of the commission of the offence. To this judgment Rhodes obtained a writ of error and *supersedeas*.

Opinion states the other facts.

*J. N. Liggett* and *H. V. Strayer*, for the plaintiff in error.

*Attorney-General*, for the Commonwealth.

Lacy, J., delivered the opinion of the court.

The record shows the case to be as follows: A suit was instituted in the circuit court of Rockingham county on the 1st day of August, 1877, by one Wm. R. Miller against the plaintiff in error and two other persons, to recover damages for an alleged malicious prosecution of the said Miller by the said Rhodes, the defendant, and others, in that the said defendant, on the 18th day of May, 1877, at the county of Page, in the State of Virginia, appeared before one John Welfley, a justice of the peace for the said county of Page, and falsely and maliciously, and without any reasonble or probable cause, charged the said plaintiff with having stolen a lot of bacon, the property of one Paul Long, and caused the plaintiff to be arrested and imprisoned in the

county jail of the county of Rockingham, and to be carried in custody to the county of Page, where he was tried and acquitted.

On the 18th day of August, 1877, the said plaintiff in error was indicted in the county court of Rockingham for having committed the crime of perjury in the said trial of the said action in the circuit court mentioned above, in which he was examined as a witness. The indictment alleged that, at the circuit court begun and holden at the courthouse for the county of Rockingham, on the —— day of February, in the year 1879, in a certain plea of trespass on the case, then tried, James M. Rhodes appeared as a witness for the defendant therein, and was duly sworn as such, and that upon the said trial certain questions became and were material, in substance, whether the said plaintiff therein (Miller) had, in the month of December, 1875, offered to sell to him, the said Rhodes, a certain lot of bacon, and if so, at what time, and also whether he, the said James M. Rhodes, upon the examining trial of Richard and Madison Miller upon the charge of feloniously entering in the night time a certain smoke-house, &c., of one Paul Long, &c., had, upon the 26th of May, 1877, in the county of Page before certain justices of the peace therein named, testified before said justices that said William R. Miller had offered to sell him a certain lot of bacon on the 15th of November, 1875; that the said James M. Rhodes then swore, &c., that the said Miller did, in the month of December, 1875, just before Christmas, offer to sell him the said bacon, and that he had not testified before the said justices that the said Miller had offered to sell him the said bacon on the 15th of November, 1875, and that he had made no such statement at that time; whereas in truth and in fact the said Miller had not offered to sell him any bacon in the said month of December, 1875, at any time in said month; and that the said Rhodes well knew that he

had testified before the said justices that the said Miller had offered to sell him the said bacon on the 15th of November, 1875, &c., &c.

The defendant (Rhodes) demurred to this indictment, and filed a plea that the grand jury which preferred the said indictment was illegally empaneled. The court overruled the demurrer, rejected the plea in abatement, and the defendant filed his plea of not guilty. A jury was empaneled and the said defendant was convicted, and the court fixed a fine of one hundred dollars and twelve months' imprisonment as the punishment. Upon appeal to the circuit court this judgment was set aside and annulled, and a new trial granted to the defendant February 22, 1881, which was had in the county court December 21, 1881, when the defendant was again convicted and the same judgment pronounced by the county court as before. Upon a writ of error to the circuit court, this judgment was affirmed on the 23d day of June, 1882; whereupon the said Rhodes applied to this court for a writ of error and *supersedeas*, which was awarded June 10, 1882.

The assignment of error first to be noticed is the action of the court in overruling the demurrer to the indictment. The ground of the demurrer is, that the indictment set forth the offence as having been committed on the —— day of February, in year 1879. It is insisted that it is essential that the day shall be stated. The Virginia statute, ch. 201, § 5, Code 1873, provides as follows: "In an indictment or accusation of perjury, or subordination of perjury, it shall be sufficient to state the substance of the offence charged against the accused, and in what court or by whom the oath was administered which is charged to have been falsely taken, and to make an averment that such court or person had competent authority to administer the same, together with the proper averments to falsify the matter wherein the perjury is assigned, without setting forth any

part of any record or proceeding at law or equity, or the commission or authority of the court or person before whom the perjury was committed; but nothing herein shall be construed to allow, without the consent of the accused, a part only of any record proceeding, or writing, to be given in evidence on the trial of such indictment or accusation."

The time of the commission of an offence laid in the indictment is not material, as a general rule, and does not confine the proofs within the limits of that period; the indictment will be satisfied by proof of the offence on any day anterior to the finding. *Oliver* v. *State*, 5 Howard (Miss.) R. 14; *Com.* v. *Alfred*, 4 Dana, 496. Time and place must be attached to every material fact averred, but the time of committing an offence (except when time enters into the nature of the offence) may be laid on any day previous to the finding of the bill of indictment during the period within which it may be prosecuted. *McDade* v. *State*, 20 Ala. 81; *People* v. *Van Santford*, 9 Cowen, 660; *State* v. *Magrath*, 19 Mo. 678; *Sanders* v. *State*, 26 Texas, 119; *State* v. *Slack*, 30 Texas, 354; 1 Chitty on Pleading, 4 ed., Index, title Time. But when any time stated in an indictment is to be proved by matter of record, a variance will be fatal, and in an indictment for perjury the day in which the perjury was committed must be truly laid. *U. S.* v. *McNeal*, 1 Gall. 387; *U. S.* v. *Bowman*, 2 Wash. C. C. R. 328; 2 Wharton Crim. Law, 599. Mr. Bouvier, under the head indictment, says the time when the offence was committed should in general be stated to be on a specific year and day. In some offences, as in perjury, the day must be precisely stated. Cited 2 Wash. C. C. 328, *supra.*

It cannot be contended that the statute cited above intended to dispense with this formality in indictments for perjury. The evident object of this section was to dispense with the necessity, which had been before held requisite,

of setting forth the record of the proceedings in law or equity, as appears by its terms; and this indictment being in blank, as to the date of the offence, the demurrer should have been sustained by the court below for that cause.

The next assignment of error to be noticed, and which is decisive of this case upon its merits is, that the false oath is alleged of an immaterial matter: that on one trial the accused stated the time of stealing the bacon as of the 15th of November, 1875; and on the other, stated it as of the 6th of December, or just before the Christmas holidays, 1875.

The statute, ch. 190, § 1, Code 1873, provides as follows: "If a person to whom an oath is lawfully administered on any occasion, shall on such occasion wilfully swear falsely touching any material matter or thing, he shall be guilty of perjury."

It was at one time held that when the same person has by opposite oaths asserted and denied the same fact, he may be convicted on either, for whichsoever of them is given in evidence to disprove the other, the defendant can not be heard to deny the truth of that evidence, inasmuch as it came from him. But this doctrine has been long since exploded, and it is now held that the Commonwealth's attorney must elect which of the two oaths he means to rely upon as false, and he must prove the perjury in that particular statement.

In *Regina* v. *Wheatland*, 8 Car. & Payne R. 283, Mr. Baron Gurney held that it was not sufficient to prove that the defendant had on two different occasions given directly contradictory evidence, although he might have wilfully done so; but that the jury must be satisfied affirmatively that what he swore at the trial was false; and that would not be sufficiently shown to be false by the mere fact that the defendant had sworn contrary at another time; it might be that his evidence at the trial was true, and his deposi-

tion before the magistrate false. There must be such confirmatory evidence of the defendant's deposition before the magistrate as proved that the evidence given by the defendant at the trial was false.

In *Regina* v. *Hughes*, 1 Car. & Ker. 519, the court said: "If you merely prove the two contradictory statements on oath, and leave it there, *non constat,* which statement is the true one?" 2 Russell on Crimes, 651, 652; Roscoe Crim. Ev. 767, 768; 3 Wharton, § 2275; Bishop Crim. Law, § 1005; 1 Greenleaf on Ev., 259.

The matter of the false oath must be material; if it is not material, that it is false will not sustain the conviction. It is required by statute to be material, as we have seen. In this case the charge made was that the accused, Miller, stole bacon, and had confessed it on the 15th of November, 1875, as is alleged. Afterwards, in another suit, the charge of stealing the bacon is still maintained, but it is alleged to have been in December, 1875, before the holidays. There is no evidence to show that the charge of stealing bacon was false; witnesses are called to prove the contradictory statement as to the date. Can it be held to be material, if a larceny was committed, whether it was November 15, or December, 1875? Mr. Wharton says: "The assignment of perjury upon which a conviction is asked must be in a matter which was material to the issue. Thus, in a common case, if a witness be asked whether goods were paid for 'on a particular day,' and he answers in the affirmative, if the goods were really paid for, though not on that particular day, it will not be perjury unless the day be material. It has even been decided that if a person swear that I S beat another with his sword, and it turn out that he beat him with a stick, this is not perjury, for all that is material is the battery."

The oath must be material to the question depending; for if it does not tend to aggravate, not extenuate, the dam-

ages, nor likely to induce the jury to give the readier credit to the substantial part of the evidence, it cannot amount to perjury. And it appears to have been determined that where a witness, being asked by a judge whether A brought a certain number of sheep from one town to another all together, answered that he did so, whereas, in truth, A did not bring them all together, but part at one time and part at another time, such witness was not guilty of perjury, because the substance of the question was whether A did bring them at all or not, and the manner of bringing them was only a circumstance. 2 Russell on Crimes, 600.

In this case, in the suit for the malicious prosecution, it was wholly immaterial whether the defendant had stated the 15th of November or December, 1875, as the time of the confession as to the act of larceny; that was not the question at issue; and if the confession was made at all, it is immaterial on which day it was made. The verdict of the jury should have been set aside and the prosecution dismissed by the county court. There were other errors committed on the trial which were excepted to, but the foregoing sufficiently and fully disposes of the case; and the judgment of the county court must be reversed and annulled, and the case dismissed.

JUDGMENT REVERSED.