## UNITED STATES *v*. LAW.

*(District Court, W. D. Virginia. April 14, 1892.)*

1. PERJURY—INDICTMENT—TIME.
 In an indictment for perjury, the day on which the perjury was committed must be truly laid, and to lay it on the "——— day of September, 1891," is insufficient.
2. SAME—AFFIDAVIT.
 In an indictment for perjury, in making an affidavit, it is unnecessary, under Rev. St. § 5396, to set out the affidavit *in hæc verba*.
3. SAME—AFFIDAVIT—AUTHORITY OF NOTARY.
 Rev. St. § 1778, authorizing notaries public to administer oaths in all cases in which justices of the peace have power to administer them, gives no power to administer an oath in an investigation by the post office department as to the alleged loss of a registered letter, for there is no statute giving justices such power, and hence no indictment for perjury can be based upon false statements in an affidavit made before a notary in such an investigation.

At Law. Indictment of A. B. Law for perjury. Demurrer to indictment sustained.

*W. E. Craig*, U. S. Atty.
*Geo. C. Cabell*, for defendant.

PAUL, District Judge. This is an indictment for perjury, based on an affidavit made by the defendant on the 21st day of August, 1891,

before W. D. Haynes, a notary public for Franklin county, in the state of Virginia, said affidavit being to the following effect, to wit:

"*State of Virginia, County of Franklin—to wit:*

"Before me, W. D. Haynes, a notary public in and for Franklin county, Virginia, personally appeared A. B. Law, and made oath that he registered a letter at Pen Hook, Va., on the 21st August, 1891, directed to G. H. T. Greer, Rocky Mount, Va., and that said letter contained eight hundred dollars in United States currency, as follows: three two hundred dollar notes, two fifty dollar notes, and five twenty dollar notes. A. B. LAW.

"Sworn to and subscribed before me this 28th day of September, 1891.

"W. D. HAYNES, N. P."

The defendant demurs to the indictment on the following grounds:

1. That the day of the alleged commission of the offense is left blank in the indictment, the time alleged being "the ———— day of September, 1891." The court is of opinion that this objection to the indictment is well taken. The doctrine laid down in *Rhodes* v. *Com.*, 78 Va. 692, is that "in an indictment for perjury the day in which the perjury was committed must be truly laid," and this decision is sustained by the various authorities cited by counsel for the defendant.

2. A second objection to the indictment urged by counsel for the defendant is that the indictment should set out *in hæc verba* the affidavit made by the defendant on which the charge of perjury is based. This, the court thinks, is unnecessary. Section 5396 of the Revised Statutes of the United States provides as follows:

"Sec. 5396. In every presentment or indictment prosecuted against any person for perjury it shall be sufficient to set forth the substance of the offense charged upon the defendant, and by what court, and before whom the oath was taken, averring such court or person to have competent authority to administer the same, together with the proper averment to falsify the matter wherein the perjury is assigned, without setting forth the bill, answer, information, indictment, declaration, or any part of any record or proceeding, either in law or equity, or any affidavit, deposition, or certificate, other than as hereinbefore stated, and without setting forth the commission or authority of the court or person before whom the perjury was committed."

3. The most important objection raised on the demurrer is that the notary public before whom the affidavit on which the indictment is based was taken had no authority to administer the oath to the defendant, and to take the affidavit which, it is alleged in the indictment, was falsely made, and in making which the defendant committed perjury. No principle in the criminal law is more clearly settled than that the false oath must be taken before a court, or an officer authorized to administer such oath. The most general power conferred by the statutes of the United States on a notary public to administer an oath is given by section 1778 of the Revised Statutes, which authorizes this officer to administer an oath in all cases in which, under the laws of the United States, a justice of the peace may do so. The statute is as follows:

"Sec. 1778. In all cases in which, under the laws of the United States, oaths or acknowledgments may now be taken or made before any justice of

the peace of any state or territory, or in the District of Columbia, they may hereafter be also taken or made by or before any notary public duly appointed in any state, district, or territory, or any of the commissioners of the circuit courts, and, when certified under the hand and official seal of such notary or commissioner, shall have the same force and effect as if taken or made by or before such justice of the peace."

This statute limits the authority of a notary public to administer an oath to the cases in which a justice of the peace has the same authority. A diligent and careful examination of the statutes of the United States, and the rules and regulations of the post office department, which by statute have the effect of law, (and he can derive his power from no other source,) fails to furnish us any authority for a justice of the peace to administer such an oath as that taken by the defendant in this case. We must therefore necessarily arrive at the conclusion that the notary public had no authority to take the affidavit in question, and that if it be false it cannot be the ground of a prosecution for perjury. The court thinks that even if the notary public had authority to take the affidavit on which this indictment is based, the said affidavit would be defective, because not certified under the hand and official seal of the notary public, as required by the statute. The view taken by the court that a notary public has no authority to administer an oath in an investigation as to the alleged loss of a registered letter, such as was being conducted in the matter of the case at bar, seems to have been held by the post office department. For in the postal laws and regulations (section 48) it has notified its officers and employes that, in accordance with the provisions of section 183 of the Revised Statutes of the United States, "any officer or clerk of any of the departments lawfully detailed to investigate frauds or attempts to defraud on the government, or any irregularity or misconduct of any officer or agent of the United States, shall have authority to administer an oath to any witness attending to testify or depose in the course of such investigation." The same section of the postal laws and regulations reiterates the provisions of section 298 of the Revised Statutes of the United States, that "any mayor of a city, justice of the peace, or judge of any court of record in the United States, may administer oaths in relation to the examination and settlement of accounts committed to the charge of the sixth auditor," but confers no power to administer an oath in case of an investigation such as was being conducted when the affidavit in question was taken. The post office inspector, if there was one present, doubtless had this power, but the notary had not. The demurrer must be sustained.