THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY GLASS, Defendant.

(Supreme Court, Kings Special Term, April, 1919.)

Certificate of reasonable doubt — when will be granted — perjury — recantation of testimony — indictment — evidence — criminal law.

> Where a charge of perjury was predicated upon testimony that a defendant on trial for robbery, but who was acquitted, was not the man the witness saw engaged in the commission of the act, and the only proof of the falsity of such testimony is the confession of the witness under oath asserting the truth of his recantation of such testimony and of its falsity, and the indictment against him for perjury is based not upon the testimony confessed to be false but upon that given upon the trial for robbery, he will be granted a certificate of reasonable doubt as to whether his conviction for perjury should stand.
>
> His trial for perjury required that the indictment for robbery be received in evidence in order to determine whether the testimony given thereon and alleged to have been false was material, and the omission to put said indictment in evidence, if not fatal to the prosecution, required the granting of a certificate of reasonable doubt.

MOTION for certificate of reasonable doubt after conviction for perjury alleged to have been committed upon the trial for robbery of one Mauphet in the County Court of Queens county.

Otho S. Bowling, for motion.

Edgar F. Hazleton, assistant district attorney, in opposition.

KAPPER, J.　Upon two propositions I entertain a reasonable doubt whether the judgment of conviction should stand. *First.* The district attorney conceded on the argument, and now concedes in his brief, that

Mauphet was acquitted of the charge upon which he was tried in the County Court of Queens county. The indictment in the case at bar accused the defendant of perjury in testifying that Mauphet was not the man whom he saw engaged in the commission of the act which may have been criminal. The defendant was not indicted for testimony previously given by him, the purport of which was an identification of Mauphet as one of the perpetrators of the alleged crime, but was for the falsity of his recantation of the identification. That which the jury believed on Mauphet's trial is made the basis of the charge against the defendant of false swearing. The difficulty I find with the case is that the defendant, whose prosecution was based upon his recantation made in open court, asserted that the recantation was true testimony and that the false testimony was that of the identification. The indictment was not for what his confession stated was false, but for what he claimed and which the jury found true. Whether a charge of perjury can be predicated on testimony found to be true but claimed by the prosecutor to be false, when the only proof of falsity is the confession under oath asserting the truth of the recantation and of the falsity of the prior testimony, where the indictment is not based upon the testimony confessed to be false but upon that asserted and found by the jury to have been true, creates such a doubt in my mind of the validity of the conviction as requires me to grant the certificate sought. The case of *Schwartz* v. *Commonwealth,* 27 Gratt. 1025; 25 Am. Rep. 365, seems to hold, under similar circumstances, that a conviction for perjury cannot be upheld upon such contradictory statements. See, also, *Freeman* v. *State,* 19 Fla. 552; *Peterson* v. *State,* 74 Ala. 34; *Rhodes* v. *Commonwealth,* 78 Va. 692; *State* v. *Blize,* 111 Mo. 464. In *People* v. *Gillette,* 126

App. Div. 665, 673, Mr. Justice McLaughlin, in speaking of changed testimony, said: " Even if it be assumed that the answers were false and made with the intention of misleading and deceiving, an indictment for perjury could not be predicated thereon, inasmuch as immediately thereafter he fully explained the nature of the account and the source from which the fund came. A judicial investigation or trial has for its sole object the ascertainment of the truth that justice may be done. It holds out every inducement to a witness to tell the truth by inflicting severe penalties upon those who do not. This inducement would be destroyed if a witness could not correct a false statement except by running the risk of being indicted and convicted for perjury." *Second.* The indictment upon which Mauphet was tried in the County Court is not in evidence in the record now under consideration. I am of the opinion that from it, and it alone, could the learned trial justice have been enabled to determine what the issues were on the trial in which the alleged perjury was committed. The case, I think, required the indictment to be in evidence in order to determine whether or not the testimony alleged to have been falsely given was material, and this omission in the proof seems to me fatal to the prosecution. See *Heflin* v. *State,* 88 Ga. 151. At the least, it requires me to certify to the Appellate Division that I have a reasonable doubt whether the judgment of conviction should stand.

Motion granted.