E. B. SANDERS v. THE STATE.

It is error to permit the District Attorney to amend an indictment by the insertion of the time at which the offence is alleged to have been committed; no part of an indictment being more a matter of substance as distinguished from matter of form, than that allegation.

An indictment may be amended when it is defective in matter of form; but where it is defective in substance the defect cannot be cured by amendment.

APPEAL from Collin. Tried below before the Hon. R. L. Waddill.

The appellant was indicted for the theft of a pistol; and the indictment, as presented by the grand jury, omitted to state the time at which the offence was alleged to have been committed. The District Attorney was allowed to amend the indictment by the insertion of the time, and the defendant excepted.

*John C. Easton*, for appellant.

*Attorney-General*, for appellee.

BELL, J.—We are of opinion that the court below erred in permitting the District Attorney to amend the indictment by inserting in it the words "in the year of our Lord, one thousand eight hundred and sixty-one." Article 395 of the Code of Criminal Procedure, which prescribes the requisites of an indictment, pro--

vides that the time mentioned in the indictment as the time when the offence was committed, must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offence is barred by limitation.   No part of an indictment can be more matter of substance as distinguished from matter of form than the part which states the time of the commission of the offence.   An indictment may be amended when it is defective on account of form; but where an indictment is defective in substance, the defect cannot be cured by amendment; and the reason is, that the substance of the indictment is the finding of the grand jury, and must be taken as it comes from them; whereas, the formal part of the bill is supposed to be wholly the work of the officer of the law, and may be amended by him under the direction of the court.

The judgment of the court below is reversed, and the cause remanded, that such action may be taken as may be deemed proper and in conformity with this opinion.

                                   Reversed and remanded.