THE STATE V. J. T. SLACK.

An indictment must state a *time when* as well as a place where the offense was
committed, otherwise the adverbs "*then* and there" have no antecedent time,
and the objection is good on motion in arrest of judgment.

APPEAL from Harrison. · The case was tried before Hon.
M. D. ECTOR, one of the district judges.

The appellee, a freedman, was indicted for stealing a mule, and the jury found him guilty, and assessed his punishment at twelve months' imprisonment in the penitentiary.

The court sustained a general motion in arrest of judgment, and the State appealed. The indictment alleged no date on which the offense was committed. The "then and there" could therefore only have reference to the place, not the time, for there was none alleged.

*William M. Walton, Attorney General*, supposed that the objection must be the omission of the words "without the consent of the owner," and argued to prove that they were immaterial, under article 765 of the Code. (Paschal's Dig., Art. 2409.) But as the case turned upon a wholly different point, his argument is unnecessary.

No brief for the appellee has been furnished to the *Reporter*.

WILLIE, J.—Neither the time nor place of the commission of the offense charged against the defendant is alleged in this indictment. The words "then and there" are used in the indictment, but not in connection with the averment of the stealing, taking, and carrying away of the property, the time and place of which should be alleged, in order to give jurisdiction to the court and show that the offense was not barred by limitation. And even if these words were connected with that allegation, they would be wholly insufficient to charge the time at which the theft was committed, because there is no day previously stated in the indictment to which the word "then" could be referred. "The words 'then and there,' as used in an indictment, are words of reference, and when time and place have once been named with certainty, it is sufficient to refer to them afterwards by these words, and it will have the same effect

as if the time and place were actually repeated." (The State v. Cotton, 4 Foster, New Hamp., 146.) But where time has not been previously stated in the indictment, the word "then" is without meaning, and cannot have the effect of fixing the date when the offense was committed.

Because of the above-stated defects in the indictment, there was no error in the judgment of the court below in sustaining the motion in arrest of judgment, and it is

                                                    Affirmed.