THE STATE V. TANDY AND JOSEPH EUBANKS.

1. INFORMATION.—An information, filed on the 24th day of December, 1873, charging that a simple assault was committed by A B "on the —— day of December," 1872, is not sufficient, though the affidavit accompanying it charged the offense to have been committed "on the 14th of December," 1872. The allegations of the information are to be taken most strongly against the pleader, and the offense was barred in one year.

2. INFORMATION—CERTAINTY.—But such an information is also fatally defective in not alleging a day on which the offense was committed. This must be stated, though it is not necessary generally to prove that the offense was committed on the particular day stated in the information.

APPEAL from Burleson. Tried below before the Hon. A. S. Broadus.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The information charges the offense to have been committed " on the —— day of December," 1872, and the affidavit accompanying it " on the 14th day of December," 1872.

As an information for a simple assault and battery, it would be barred by the statute of limitations of one year, whether we regard the affidavit as fixing the proper date or not; for, " on the —— day of December," when taken most strongly against the party pleading, means on the first day of December, which would be more than one year anterior to the date of the filing of the information, which was on

the 24th day of December, 1873. It would not be a bar by limitation to the offense of aggravated assault and battery, which, not being an offense within the jurisdiction of the justice of the peace, is not barred by the lapse of one year. (Pas. Dig., art. 2653.)

There remains, however, the question, whether the information is not defective in omitting to state the day of the month on which the offense was committed. It is the universal practice, in describing an offense, to state a day on which it was committed, though it may not generally be necessary to prove that it took place on that particular day. It has been held to be error to omit the day of the month. (1 Whart. Am. Cr. Law, sec. 264, citing Com. Dig. Ind., sec. 2.) The rule has been so well and so long established, we do not feel authorized to sanction a departure from it in this case, especially as there was no trial and conviction under the information; and after it had been quashed, the District Attorney brought this case to this court by appeal, simply to test the sufficiency of the indictment.

For this reason the judgment of the court will be affirmed.

AFFIRMED.