### Charley Coleman v. The State.

#### No. 2453. Decided April 29, 1903.

**1.—Aggravated Assault—Evidence—Defense of Property.**

On a trial for aggravated assault, it was competent for defendant to
prove, as tending to show the ill will and reckless character of the prosecut-
ing witness, and that he was a trespasser, that, some time prior to the as-
sault said prosecutor had killed a yard dog of the defendant's mother, and
that defendant had notified him not to come again through or upon her prem-
ises. This evidence was also admissible to show defendant's theory of self-
defense or defense of property.

**2.—Misdemeanor—Charge—Practice.**

A defendant can not, in a misdemeanor case, complain of the charge
which presented the issues fully, where he submitted no requested instruc-
tions which were refused by the court, and shown by a proper bill of excep-
tions reserved to such refusal.

Appeal from the County Court of Freestone. Tried below before
Hon. H. B. Daviss, County Judge.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The indictment charged appellant with an aggravated assault upon
Grant McCreary with a gun, a deadly weapon, on the 15th day of April,
1902, and that he shot McCreary with said gun.

Defendant, who was a negro boy 14 years of age, shot Dave McCreary
in his mother's yard, with a shotgun, on the night of the 15th of April,
1902. McCreary was passing through the yard and was attacked by sev-
eral dogs in the yard, and he shot at the dogs, when defendant, at the
instance of his mother, ran into the house, got his gun and shot Mc-
Creary.

There was testimony tending to show that McCreary shot at defend-
ant, or his mother, at the time defendant shot him. The court refused
to permit defendant to prove that, prior to this occasion, McCreary
had shot and killed one of his mother's yard dogs and that he, defend-
ant, had notified McCreary in writing not to pass through or come
upon their premises again.

No briefs for either party on file with the record.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of an aggravated
assault, and his punishment assessed at a fine of $25.

Appellant excepted to the action of the court refusing to permit him to prove that some time prior to the alleged offense the prosecutor had killed one of the yard dogs of appellant's mother, and that witness notified prosecuting witness, McCreary, not to come through or upon her premises again. Appellant states that his purpose, by this testimony, was to show malice and ill will on the part of prosecuting witness towards defendant and his mother's family generally, as well as to show the wanton and reckless character of prosecuting witness. Appellant's line of defense was twofold. If prosecutor, when he fired the second shot, was wantonly firing at his mother's dog, he would have the right to protect the dog from such wanton assault; and if he fired at prosecutor on this account, he would not be punishable. Or if, when prosecutor fired the second shot in the direction of appellant and his mother, and appellant reasonably believed that one or both were in danger of life or serious bodily injury, then he would have the right to shoot in self-defense or defense of his mother. The proof offered, that prosecutor had previously shot a dog belonging to appellant's mother, and that he had been forbidden to come on the premises, would be evidence tending to show that he was a trespasser on this occasion, and would tend to shed light on appellant's conduct from his standpoint, suggesting that he believed himself, or his mother, or her property was in danger at the time from a trespasser who had been forbidden to come upon the premises; thus reinforcing his plea of self-defense or defense of property. Accordingly we hold that this testimony should have been admitted. The court's charge gave the full benefit of self-defense and of his theory of the case arising from the evidence, as we view the facts.

No special requested charges were submitted; and this being a misdemeanor case, before appellant can complain, he must prepare and present such special charges, and then, by bill of exceptions, show that the court refused to give the same.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*