## Riley Stephens v. The State.

### No. 3545.    Decided May 1, 1907.

**1.—Theft of Horse—Venue—Sufficient Evidence.**

Where in a trial for theft of a horse the evidence clearly supported the verdict, to show that defendant took the animal in the county of the prosecution, there was no error.

**2.—Same—Charge of Court—Reasonable Doubt.**

Where upon trial for the theft of a horse, the court in his charge applied the reasonable doubt to all the facts in the case, as well as to the issue that the taking was in the county of the prosecution, there was no error in the objection to the charge on that ground.

**3.—Same—Indictment—Impossible Date.**

Where in a prosecution for the theft of a horse, the indictment charged the offense to have been committed on June 31, 1906, the same was an impossible date and the indictment is bad. Brooks, Judge, dissenting.

Appeal from the District Court of Henderson. Tried below before the Hon. B. H. Gardner.

Appeal from a conviction for the theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Miller & Royall, Guy Green,* for appellant.—On question of indictment, in addition to the cases cited in the opinion: Coleman v. State, 62 S. W. Rep., 753; McCoy v. State, 68 S. W. Rep., 686.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft of a horse and his punishment assessed at two years confinement in the penitentiary.

Appellant in his motion for a new trial insists that the evidence is insufficient to show that appellant took the horse in Henderson County, and that it does not connect defendant with the unlawful taking in Henderson County. The evidence clearly supports the verdict.

Appellant objects to the following charge of the court: "If you believe defendant did commit the theft of said horse, but do not find that he did the theft; that is, the fraudulent taking in Henderson County, you cannot convict, but should return a verdict of not guilty." Appellant insists the court should have used the additional expression, "Or if they had a reasonable doubt of the fraudulent taking in Henderson County, they should acquit defendant." Reasonable doubt was properly applied by the court to all the facts in the case, as well as on this issue in a latter clause of the charge. The charge of the court is correct, and appellant's special charges were properly refused.

We have carefully reviewed all of appellant's assignments, and in our opinion there is nothing in this record that justifies a reversal of this case, and the judgment is affirmed.

*Affirmed.*

June 26, 1907.

ON MOTION FOR REHEARING.

BROOKS, JUDGE.—This case was affirmed on a former day of this term, and now comes before us on motion for rehearing. The only ground in the motion is that the court erred in holding that the indictment was sufficient. Appellant now, in his motion for rehearing, insists same is defective because it charges the offense to have been committed on June 31, 1906, same being an impossible date, and cites the following authorities: State v. Eubanks, 41 Texas, 291; Shoefercater v. State, 5 Texas Crim. App., 207; Hall v. State, 38 S. W. Rep., 996; Barnes v. State, 59 S. W. Rep., 882; Coleman v. State, 62 S. W. Rep., 753; McCoy v. State, 68 S. W. Rep., 686; Drummond v. State, 4 Texas Crim. App., 150, and Vallegas v. State, 66 S. W. Rep., 769. A majority of the court thinks this position is well taken, but the writer hereof, even conceding that any of the authorities cited support the proposition, yet the writer thinks the position is absurd. If the indictment had charged the defendant committed the offense on or about the 15th day of June, it could have been the 30th of June or the 1st of June, and yet a valid prosecution maintained. It does state the offense was committed in June, and the fact of it stating an impossible date in June would be merely surplusage, and would not vitiate a prosecution. So believing, I do not agree with the opinion, but in deference to the opinion of the majority of this court, the motion for rehearing is granted, the indictment is quashed, and the prosecution ordered dismissed.

*Rehearing granted, and prosecution dismissed.*