CULLEN NOBLES v. THE STATE.

No. 862.   Decided December 7, 1910.

**Robbery—Indictment—Date of Offense.**

Where, in a prosecution of robbery, the indictment set out an impossible date as to when the alleged offense was committed, the same was bad on motion to quash.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of robbery; penalty, forty years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of robbery, and given forty years in the penitentiary.

The indictment charges appellant did on the 29th day of February, 1910, commit the offense of robbery as set out in the indictment. Motion is made to quash on the ground that the indictment sets out an impossible date, does not comply with the law in regard to charging the date of the offense, etc. This motion is well taken, and should have been sustained. The precise question was decided in the case of Stephens v. State, 51 Texas Crim., 406. In that case the indictment charged that the offense was committed on the 31st day of June, an impossible date. The indictment was held vicious. This is a companion case to McGinsey v. State, this day decided. The same question arose in that case, and the authorities are cited.

Because the indictment is invalid the judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*