CURTIS McGINSEY V. THE STATE.

No. 865. Decided December 7, 1910.

**Robbery—Indictment—Date of Offense.**

Where, in a prosecution for robbery, the indictment alleged an impossible date on which the offense was committed, the same was bad on motion to quash.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of robbery; penalty, forty-one years imprisonment in the penitentiary.

The opinion states the case.

*J. R. Webb* and *W. G. Weaver,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of robbery and given forty-one years in the penitentiary.

Appellant raises a question that necessitates the reversal and dismissal of the prosecution. The indictment alleges the offense to have been committed on the 29th day of February, 1910. This is an impossible date and is not therefore a sufficient allegation of time. The statute requires that there shall be some particular date mentioned. In the case of Stephens v. State, 51 Texas Crim. Rep., 406, this precise question came before us and it was held that the indictment was not sufficient. The indictment in the Stephens case charged the offense to have been committed on June 31, 1906. The indictment was held insufficient. The authorities are collated in the Stephens case. In the Barnes case, 42 Texas Crim. Rep., 297, the indictment charged that the offense was committed on or about the —— day of ————, A. D. 1900. That was held fatally defective.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*