## R. V. MEALER v. THE STATE.

### No. 1475.   Decided December 6, 1911.

### Rehearing Denied March 27, 1912.

**1.—Local Option—Information—Date of Election.**

Where, upon trial of a violation of the local option law, the information did not allege when the local option election was held, but alleged that the alleged sale of intoxicating liquor occurred on August 1, 1909, it showed on its face that the offense was a misdemeanor and not a felony, as the Act making such sale a felony went into effect on the 24th day of July, 1909, and the record showed plainly that no local option election had been held between said dates and put in force by proper orders and publication. Revised Penal Code, 597. Davidson, Presiding Judge, dissenting.

**2.—Same—Charge of Court—Mistake of Fact—Proper Care.**

Under Articles 46 and 47, Code Criminal Procedure, the mistake of fact must not arise from a want of proper care on the part of the accused, and where, upon trial of a violation of the local option law, the requested charge omitted this provision of the statutes, there was no error in the court's refusal of the same.

**3.—Same—Charge of Court—Requested Charges—Practice.**

While the court may qualify or modify a requested instruction, he is not bound to do so, but may simply refuse it, and where, upon trial of a violation of the local option law in the County Court, the requested charge did not present the law, and was, therefore, refused, there was no error, especially under Article 723, Code Criminal Procedure.  Following Hobbs v. State, 7 Texas Crim. App., 117, and other cases.

**4.—Same—Charge of Court—Mistake.**

Where, upon trial of a violation of the local option law in the County Court, it was questionable whether the testimony called for a charge on the subject of mistake, and the special charge requested did not present the law on that subject and was refused by the court, there was no error.

**5.—Same—Local Option—Act of the Legislature.**

The Act of April 24, 1909, did not become effective anywhere in the State until on or after July 24, 1909, and even then, was not in force until it was put in force in a given prohibition territory by an election thereafter held, declared, published, and thereby put in force.

**6.—Same—Date of Offense—Pleading—Presumption.**

It is required under the law and the decisions of the court of last resort that an indictment, information, or complaint must give the day, month and year of the commission of the offense, and this is a matter of substance, and such pleading is measured by the allegation and not by the proof, and the court will assume the time to be as stated therein.

**7.—Same—Date of Election—Case Stated.**

Where, upon trial of a violation of the local option law, the information and complaint alleged that the offense was committed on the 1st of August, 1909, the felony statute not being in force until the 24th day of July, 1909, and it being physically impossible to have held and published the results of a local option election between said dates, the case was a misdemeanor, and the court properly overruled a motion to quash and in arrest of judgment on the ground that the date of the local option election was not alleged in the information.  Qualifying Head v. State, 64 Texas Crim. Rep., 112.  Davidson, Presiding Judge, dissenting.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Lively and Nelms & Adams,* for appellant.—The cases cited will be sufficient to impress upon the court, appellant's contention that in this case the information, having been filed against him on the 25th day of April, 1910, the State could have proven the commission of an offense on said 25th day of April, 1910, or on any day prior to said date, provided it was within two years from said date, and the information failing to allege when the election was held by which local option was passed in the district described in the information, the State could have proven an offense occurring after the law passed by the Legislature making such offense a felony had gone into effect and was operative; or they could have proven the commission of an offense prior to the time such Act of the Legislature went into effect. And the information, as it was presented, did not show on its face that the court in which it was presented, to wit: the County Court of Dallas County at Law, had jurisdiction of said offense. Elliot v. State, 34 Texas, 148; Temple v. State, 15 Texas Crim. App., 304; Johnson v. State, 1 Texas Crim. App., 118; Haynes v. State, 56 S. W. Rep., 923; Head v. State, 64 Texas Crim. Rep., 112; Pitman v. State, 14 Texas Crim. App., 576; Bowen v. State, 28 Texas Crim. App., 498; Thomas v. State, 18 Texas Crim. App., 213; Lucus v. State, 27 Texas Crim. App., 322; Arcia v. State, 28 id., 198; Coy v. State, 59 Texas Crim. Rep., 379, 128 S. W. Rep., 414.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—On April 25, 1910, the county attorney of Dallas County filed an information against appellant on affidavit of Bennet charging appellant with unlawfully making a sale of intoxicating liquors to Scott on August 1, 1909, in a certain precinct in Dallas County—describing it—after an election had been held therein and the voters had voted in favor of prohibition and after the proper order declaring the result had been made, passed and entered by the Commissioners' Court of that county and the order had been properly published on the order of the county judge for the length of time required by the statute. There was no allegation in the affidavit or information when the election was held, declared carried and the proper orders made and publication had. The appellant was convicted and appealed.

There are but two questions to be decided. First, the appellant made a motion to quash the complaint and information on the ground because they fail to show the date when said election was held, whether

it was before or after the Act of the Legislature making such sale a felony. The question was also raised by a motion in arrest of judgment. The court overruled both motions and the appellant properly saved his point by proper bill of exceptions and motion for new trial.

The Act making such sale a felony went into effect on July 24, 1909. The statement of the facts above show that the election could not have been held, properly declared, the advertisement made for the time required by law between July 24, 1909 and August 1, 1909, the date the sale is charged. This is very evident, because the law making it a felony went into effect July 24, 1909, and appellant is charged to have committed the offense on August 1, 1909, within eight days thereafter. Even if an election had been held any time between July 24, and August 1, prohibition could not, under the law thereunder, have been put in force in said precinct until the proper orders were made and the publication of at least four weeks, which physically could not have occurred between July 24 and August 1, 1909. Hence the offense in this case was a misdemeanor under the previous decisions of this court which seem to have been followed by the last Legislature in enacting the Revised Statutes of this State. Penal Code, 597, new revision.

This is unlike the case of Head v. State, this day decided by this court. In the Head case the sale is alleged to have occurred on September 29, 1909. It will be seen that in that case the requisite length of time from July 24 to September 29, elapsed to have held, declared and properly published the prohibition election so as prima facie to make the offense a felony as we held in the Head case.

The court did not err in overruling appellant's said motions in this case.

The other question is to the refusal of the court to give this charge requested by appellant: "You are instructed that if the defendant was merely a hired hand of Anderson, the owner of the place where intoxicating liquor was sold S. B. Scott, if any was sold him, and did not know there was any intoxicating liquor for sale there, and did not sell S. B. Scott intoxicating liquor knowingly, then you will acquit the defendant." The appellant's contention is that this charge was correct on the question of a mistake by appellant in selling the intoxicating liquors, such mistake having been made in good faith.

Our statute on the subject of mistake of fact is as follows: Article 46. No mistake of law excuses one committing an offense; but, if a person laboring under a mistake, as to a particular fact, shall do an act which would otherwise be criminal, he is guilty of no offense."

"Article 47. The mistake as to fact which will excuse, under the preceding article, must be such that the person so acting under a mistake would have been excusable had his conjecture as to the fact been correct; and it must also be such mistake as does not arise from a want of proper care on the part of the person committing the offense." These articles, show, as stated in article 47, that such mistake must

·not arise from a want of proper care on the part of the person committing the offense which is clearly omitted from the said special requested charge. Therefore, that charge did not properly present the law on the subject to the jury.

This court in Lawrence v. State, 20 Texas Crim. App., 536, said: "While a court may qualify or modify an instruction which is asked so as to make it present the law as the court perceives the law to be, yet the court is not bound to qualify or modify an illegal or erroneous instruction, but may refuse it outright."

Again this court in Sparks v. State, 23 Texas Crim. App., 447, in construing our statutes on the subject of giving written requested charges in misdemeanor cases, said: "This statute does not make it obligatory upon the court to prepare and give a written charge when requested to do so by the parties, but only requires the court to give or refuse such charges as are asked in writing. If charges are asked in writing the court shall give or refuse them, with or without modification. But, if the court refuses such as are asked, it is not required to supplement them by any charges of its own; it may still, if it desires, decline to give any written charge in the case. In misdemeanors, the object and policy of the law seems to be to relieve the court of the burden and necessity of giving charges, unless the parties deem it necessary that such instructions as they may prepare in writing should be given. Such as are thus prepared may or may not be given. The court should not give instructions which it does not believe to be the law, and it is not even required to modify such charges, but may refuse them absolutely."

This court has always adhered to this doctrine. In Hobbs v. State, 7 Texas Crim. App., 117, the court discusses fully and gives the reasons for the doctrine. This is further made certain since the amended enactment of the Code of Criminal Procedure, article 723, new revision, article 743. There is, therefore, no reversible error presented on this ground.

It is unnecessary to discuss the facts in this case. The testimony of several of the witnesses for the State showed that on the date charged they went to the place where the appellant was at work; that he was behind the bar with another man waiting upon the customers. That Scott, the party to whom the illegal sale is charged to have been made, ordered beer; that it was sold to him by the appellant; that it was then drank by him and his associates in the place where appellant was at work behind the bar; that his companions and others immediately thereafter, ordered of him beer again, which he sold to them and which they again drank in his presence. Other witnesses showed that he had been at work behind the bar at this same place for some length of time, and that various parties about that time had driven up and ordered beer and that appellant had served it to them; that this occurred very frequently about this time.

It was also shown by the witnesses that lunch and meals were served

at this same place and that soft drinks, such as lemonade, soda water, etc., were also served there during all this time. It was also shown that there were eight indictments against appellant's employer at this place for violations of this same law which was the time appellant was charged in this case, and that the appellant knew this. He testified that his employer, the party so indicted, conducted that business and not him and that he had no interest in the business and further that there was no intoxicating liquor for sale at the place that he knew of. That if there was, he knew nothing about it, and if there was any beer there he did not see it. He denied selling any intoxicating liquors or beer to Scott or anybody in his party; that he was employed by the week and that he did the cooking and preparing of chicken sandwiches, lunches, etc., that were served there; that it was no part of his duties to wait on customers behind the bar; that he may have been around there. That he knew whisky and beer when he saw it, but that if any such was sold there, it was done without his consent or knowledge; that he never had anything to do behind the bar.

It is very questionable whether the testimony in the case called for a charge at all on the subject of a mistake made in good faith, but even if it did, the special charge requested by appellant did not present the law on that subject, and, as stated above, the court did not err in refusing to give it, and the refusal to give the special charge which was requested, presents no reversible error.

The judgment will, therefore, be affirmed.

*Affirmed.*

ON REHEARING.

March 27, 1912.

PRENDERGAST, Judge.—The motion for rehearing in this case presents but one question, and that is whether the complaint and information, in effect, on their face charge a felony instead of a misdemeanor. The date the offense is alleged to have been committed in the complaint and information is that "heretofore on the 1st day of August in the year of our Lord One Thousand Nine Hundred and Nine, in the county and State, etc.," then proceeds to charge an unlawful sale on that date by appellant R. V. Mealer to S. F. Scott in a certain common school district in the County of Dallas, Texas, after an election had been held in said district prohibiting the sale of intoxicating liquors therein, without stating the date on which the election was held. Prior to the Act, approved April 24, 1909, p. 356, it was a misdemeanor only to sell intoxicating liquors in any county or subdivision thereof where prohibition had been voted upon, carried, the election declared and published, putting it in force. The said act approved April 24, 1909, did not become effective anywhere in this State until on or after July 24, 1909. Under the law of this State that enactment was not in force, although it is a law on the statute book, until put in force in a given prohibition territory by an election

*thereafter held, declared, published and thereby put in force.* So that while it is a law of the State, it is never effective anywhere until the election, etc., puts it in effect.

Our statute, in prescribing the requisite of an indictment and an information, requires that it shall state the *date* on which the defendant has committed an offense and it has been uniformly held by this court and the Supreme Court when it had criminal jurisdiction, that the indictment or information and complaint *must give the day, month and year of the commission of the offense.* Barnes v. State, 42 Texas Crim. Rep., 297; Vallegas v. State, 66 S. W. Rep., 769; Coleman v. State, 62 S. W., 753; Thurman v. State, 45 Texas Crim. Rep., 569; Eubanks v. State, 41 Texas, 291; Slack v. State, 30 Texas, 355; Johnson v. State, 32 Texas, 96.

It has likewise uniformly been held by this and the Supreme Court that the allegation of the *date when an offense was committed* is a matter of substance, and that it can not be amended. Drummond v. State, 4 Texas Crim. App., 150; Little v. State, 19 S. W., 332; Hawthorne v. State, 6 Texas Crim. App., 562; Goddard v. State, 14 Texas Crim. App., 566; Huff v. State, 23 Texas Crim. App., 291; Whitley v. State, 56 S. W., 69; (Sanders v. State, 26 Texas, 119).

A pleading both in criminal and in civil law is measured by the allegation thereof, never by the proof that may be introduced thereunder. Mr. Bishop, in discussing the allegation of time as to the sufficiency of an indictment, says:

"From the proposition that the indictment on its face must disclose a prima facie case against the defendant, it results among other consequences, that in considering whether or not it is sufficient, the court *will assume the time to be as stated therein.*" 1 Bish. New Crim. Proc., (4 ed.) sec. 403.

It is true, that it is the uniform holding of this court and of the Supreme Court that when an indictment or information charges that an offense has been committed on a particular date, that proof can be introduced thereunder showing the commission of the offense at any time between the day of the filing of the indictment or information and the time prior thereto within the period of limitation of the offense. The only exception to this is that when an offense can be committed only on a given date or on a given period of time, such as a certain season of the year, or on Sunday, then the offense must be charged to have been committed on a date within said season or on a date which is Sunday. It is unnecessary to cite the authorities to this effect, because there is and can be no doubt about this. If an allegation in an indictment or information is to be gauged or judged by the proof instead of by the allegation, then any indictment which charges a misdemeanor could allege that it was committed at sometime within a period of two years prior to the day of the filing of the indictment, without alleging the day, month and year and that an indictment charg-

ing a felony, such as robbery, was committed at some time within ten years prior to the day of the filing of the indictment without giving the day, month and year. No such indictment could or would be sustained in this court.

As stated above, the offense in this case was charged to have been committed on August 1, 1909. We therefore, know that it was a physical impossibility to have ordered, held, declared and published for four weeks after prohibition had been carried, an election putting the felony statute in effect in the district in Dallas County where this offense is alleged to have been committed, because it is alleged to have been committed August 1, only seven days after the Act of the Legislature was in condition to be put into effect in any prohibition territory. So that, as we know that the felony statute could not have been in effect, under the law within eight days after it became a law of the State, the information and complaint in this case did not charge a felony but charged a misdemeanor.

The case of Head v. State, 64 Texas Crim. Rep., 112, 141 S. W. Rep., 536, in the cases of Hamilton v. State, and Myers v. State, recently decided but not yet reported, has been correctly modified, after a thorough investigation of the questions and the authorities which are cited in these last two cases. We, therefore, adhere to the original opinion in this case and hold that the lower court did not err in overruling appellant's motion to quash the indictment and in arrest of the judgment. The motion for rehearing herein will be overruled.

*Overruled.*

DAVIDSON, Presiding Judge.—I think the Head case lays down the correct rule. I have expressed some views for the faith that is in me in Hamilton's case recently decided.