### J. H. GREEN v. THE STATE.

#### No. 3737. Decided November 10, 1915.

**1.—Local Option—Statement of Facts—Bills of Exception.**

Where the statement of facts and bills of exception were not filed within time, they will not be considered on appeal.

**2.—Same—Misdemeanor—Felony—Statutes Construed—Jurisdiction.**

There is no conflict between the two clauses of article 597, Penal Code. The misdemeanor clause has reference where prohibition was adopted prior to the Act of 1909, and the felony clause, where prohibition was adopted since that Act went into force, and where defendant was prosecuted under the misdemeanor clause, the County Court has jurisdiction. Following Nobles v. State, 71 Texas Crim. Rep., 123, and other cases.

Appeal from the County Court of Matagorda. Tried below before the Hon. Thomas B. Lewis, Special Judge.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*J. W. Conger,* for appellant.—On question of insufficiency of information. Hammonds v. State, 29 Texas Crim. App., 465.

On question of jurisdiction: Stewart v. State, 33 S. W. Rep., 1081.

On question of conflict of law: Ex parte Elliott, 72 S. W. Rep., 837; Lewis v. State, 58 Texas Crim. Rep., 351, 127 S. W. Rep., 808.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for making a sale of intoxicating liquor after prohibition was in force in Matagorda County, and assessed the lowest punishment prescribed by law for a misdemeanor.

The term of court at which this trial occurred adjourned on May 15,

1915.  The statement of facts was not filed until July 29th, following, and the bills of exceptions the next day.  Hence, the Assistant Attorney General's motion to strike all these out and not consider them must be sustained.  Without these, the only question raised which we can consider is to the jurisdiction of the County Court.

This prosecution was begun by complaint and information in the County Court.  The information alleges that the prohibition election in said county was ordered by the Commissioners Court on March 16, 1907; that the election for prohibition carried; and, thereupon, the Commissioners Court passed an order declaring the result and prohibiting the sale of intoxicating liquors in said county; and that such order was published for four successive weeks as required by law; and that this offense was committed on October 4, 1912.

Prior to the Act of 1909, page 356, it was a misdemeanor only to sell intoxicating liquors in prohibition territory.  Said Act of 1909 made it a felony to sell in such territory.  The revisers in 1911, in the first clause of article 597, Penal Code, which was enacted and adopted by the Legislature of that year, provided that, if any person shall sell intoxicating liquors in prohibition territory "in which the sale of intoxicating liquor *has been* prohibited under the laws of this State," he shall be guilty of a misdemeanor, punishable by fine of not less than $25 nor more than $100, and by imprisonment in the county jail for not less than twenty nor more than sixty days; and in the second clause of said article made it a felony for any person to so sell in prohibition territory "in which the sale of intoxicating liquors shall *hereafter* be prohibited under the laws of this State."

It has been the uniform holding of this Court in many cases, since the said Act of 1909 was passed and the Revised Statutes adopted, that, as stated in said article 597, it was a misdemeanor only to make an illegal sale of intoxicating liquors in prohibition territory where prohibition had been adopted prior to the Act of 1909 and a felony where adopted since the Act of 1909, and that there is no conflict between the clauses of article 597, the first making it a misdemeanor and the latter a felony.  So that, in this case, appellant's contention that the two clauses of the Act conflict and in effect, therefore, that neither, or only the felony clause, is in force; and also his contention that the County Court had no jurisdiction can not be sustained.  Lewis v. State, 58 Texas Crim. Rep., 351; Mealer v. State, 66 Texas Crim. Rep., 140, 145 S. W. Rep., 353; Nobles v. State, 71 Texas Crim. Rep., 121, and other cases there cited.

The judgment is, therefore, affirmed.

*Affirmed.*