## BURT KIRKENDALL v. THE STATE.

### No. 3784. Decided December 1, 1915.

**1.—Abandonment—Seduction—Marriage—Indictment—Jurisdiction.**

Upon trial of wife abandonment after seduction and marriage, it was not necessary to allege in the indictment the seduction statute, although it would be better practice to allege the date, on or about, when complaint and affidavit for the alleged seduction was made and filed against the defendant; nor was it necessary to allege that the court in which the complaint was filed had jurisdiction, but it was necessary to allege the particular court wherein the complaint charging seduction was filed, so that the court could determine whether it had jurisdiction.

**2.—Same—Indictment—Words and Phrases—Abbreviations.**

Where, upon trial of wife abandonment after seduction and marriage, the indictment in alleging the court where the complaint for seduction was filed, used the abbreviation: "In J. P. Court No. — in Navarro County," the same was insufficient, as this did not designate the court, although the number of the precinct is not essential. Following Baskin v. State, 171 S. W. Rep., 723.

**3.—Same—Date of Offense—Indictment.**

An allegation that after said complaint had been filed against defendant, and before any indictment was found, etc., he married the alleged female, while probably sufficient, it would have been better to have alleged the particular date, on or about, of the marriage.

**4.—Same—Date of Abandonment—Indictment.**

Where, upon trial of wife abandonment, after seduction and marriage, the latter part of the indictment alleged no date and no county wherein defendant abandoned the alleged female, the same was bad on motion to quash, and in arrest of judgment.

**5.—Same—Date of Offense—Statutes Construed—Rule Stated.**

The statute in prescribing the requisites of an indictment and an information, requires that it shall state the date on which the defendant committed

the offense, and must give the day, month, and year thereof, or on or about a certain day, and this is a matter of substance. Following Barnes v. State, 42 Texas Crim. Rep., 297, and other cases.

Appeal from the District Court of Navarro. Tried below before the Hon. H. P. Daviss.

Appeal from a conviction of wife abandonment after seduction and marriage; penalty, two and a half years confinement in the penitentiary.

The opinion states the case.

*Jack & Jack,* for appellant.—Cited cases in opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited Hatch v. State, recently decided.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for wife abandonment after seduction and marriage. The indictment, after the necessary formal allegation, is: "That Burt Kirkendall on or about the 7th day of April, One Thousand, Nine Hundred and Fourteen, and anterior to the presentment of this Indictment in the County of Navarro and State of Texas, did then and there unlawfully by promise of marriage seduce May Hoffman, an unmarried female under the age of twenty-five years; and did then and there have carnal knowledge of her, the said May Hoffman; and was afterward charged by complaint and upon affidavit with the offense of seduction of her, the said May Hoffman, in J. P. Court No. — in Navarro County; that after said complaint had been made and said affidavit filed against him, and before any indictment had been found against him, the said Burt Kirkendall, and before announcement of ready for trial: he, the said Burt Kirkendall, married her, the said May Hoffman; and thereafter, and within two years after said marriage, without the fault of his said wife, such fault amounting to acts committed by her after said marriage as would entitle him to a divorce under the laws of this State, did abandon and refuse to live with his said wife, and did become so cruel to her as to compel her to leave him, the said Burt Kirkendall. . . ."

By motion to quash and in arrest of judgment, appellant attacked the indictment on several grounds, some of which, we think, are good. The first part of the indictment charging the seduction follows the statute (P. C., art. 1450), and we think is sufficient. It was not essential to follow the seduction statute. While it would be better for the indictment to allege the date "on or about" when complaint and affidavit for the alleged seduction was made and filed against him, yet that is not essential, as the indictment herein charged "afterwards," which means after April 7, 1914. It would not be necessary for the indictment to allege that the court in which the complaint was filed had jurisdiction, but it would be necessary to allege the particular court wherein the complaint charging seduction was filed. The court below and this, too, would have judicial knowledge whether or not the

court alleged had jurisdiction. The indictment herein, in alleging the court, says: "In J. P. Court No. — in Navarro County." That allegation is insufficient. No doubt it was intended to charge that the affidavit was filed in the *Justice Court* or Justice of the Peace court, .Precinct No. — in Navarro County, Texas. It would be essential that the court should be thus described. "J. P. Court" is not sufficient. The number of the precinct was not essential. Baskin v. State, 75 Texas Crim. Rep., 537, 171 S. W. Rep., 723. The further allegation that, after said complaint had been filed against him and before any indictment found, etc., that he married May Hoffman might be sufficient, but it is better to allege the particular date, "on or about," of the marriage. The latter part of the indictment alleges no date and no county wherein appellant abandoned May Hoffman. Such an allegation is absolutely essential. While there are other necessary requisites in this character of offense, as the statute prescribes, the gist is the abandonment. The seduction might occur in one county, the marriage in another, and the abandonment in still another. The court of the county wherein the abandonment occurred is the only court that would have jurisdiction to try such offense.

"Our statute, in prescribing the requisites of an indictment and an information, requires that it shall state the *date* on which the defendant has committed an offense, and it has been uniformly held by this court and the Supreme Court when it had criminal jurisdiction, that the indictment or information and complaint *must give the day, month, and year of the commission of the offense* (or, "on or about" a certain date). Barnes v. State, 42 Texas Crim. Rep., 297; Vallegas v. State, 66 S. W. Rep., 769; Coleman v. State, 45 Texas Crim. Rep., 120, 78 S. W. Rep., 937; State v. Eubanks, 41 Texas, 291; State v. Slack, 30 Texas, 354; State v. Johnson, 32 Texas, 96.

"It has likewise uniformly been held by this and the Supreme Court that the allegation of the *date when an offense was committed* is a matter of substance, and that it can not be amended. Drummond v. State, 4 Texas Crim. App., 150; Little v. State (App.), 19 S. W. Rep., 332; Hawthorne v. State, 6 Texas Crim. App., 562; Goddard v. State, 14 Texas Crim. App., 566; Huff v. State, 23 Texas Crim. App., 291, 293; Sanders v. State, 26 Texas, 119, 145 S. W. Rep., 355." The allegation of abandonment herein does not aver when nor where it occurred. Nor is it connected by "then and there" with any previous allegation of date or county.

In the particulars mentioned the indictment in this case is fatally defective, and the judgment on that account must be reversed and the cause dismissed.

*Reversed and dismissed.*