SEELY v. STATE. (No. 5018.)

(Court of Criminal Appeals of Texas. May 8, 1918.)

HUSBAND AND WIFE ⬅312—ABANDONMENT AFTER SEDUCTION AND MARRIAGE—INDICTMENT.

Indictment under Pen. Code 1911, art. 1450, for abandonment after seduction and marriage, an essential element of the offense being marriage after prosecution for seduction has begun in a court of competent jurisdiction, must allege the particular court where the complaint for seduction was filed, alleging the prosecution for seduction was begun in a court of competent jurisdiction is not enough.

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Frank Seely was convicted of abandonment after seduction and marriage, and appeals. Reversed, with directions.

L. D. Ratliff, of Decatur, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. The conviction is for abandonment after seduction and marriage, as defined in article 1450, P. C.

A motion to quash the indictment was filed and overruled. It assailed the indictment upon the ground that it failed to designate the court in which, prior to the marriage, the prosecution was begun. The essential elements of the offense are a seduction, a marriage, and an abandonment. The marriage must take place after prosecution has begun in a court of competent jurisdiction. This court, in the case of Kirkendall v. State, 78 Tex. Cr. R. 168, 180 S. W. 676, passing upon the requisites of an indictment under this statute, held it "necessary to allege the particular court wherein the complaint charging seduction was filed." The indictment charges that the prosecution was begun in a court of "competent jurisdiction." The indictment should name the court, so that the judge trying the case may be able to determine from the facts alleged whether or not the prosecution was begun in a court of competent jurisdiction. The conclusion reached in the Kirkendall Case, supra, controls this one, and is in accord with the law testing the sufficiency of indictments on motion to quash. Ferguson v. State, 189 S. W. 272; Rudy v. State, 195 S. W. 187, and cases cited.

Other questions raised will not be reviewed, as they are not likely to arise in the event of another trial.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Because of the error of the trial court refusing to quash the indictment, the judgment is reversed, and the prosecution ordered dismissed.