### E. C. WADE V. THE STATE.

No. 9680.   Delivered January 6, 1926.

**Abandonment After Seduction and Marriage—Evidence Insufficient — Statute Construed.**

Under Art. 507 (1450) P. C. 1925, the essential elements of the offense are, a seduction, a marriage, and an abandonment. In the instant case the State wholly failed to show that the appellant seduced the prosecutrix, and for this cause the case must be reversed. Following Seely v. State, 203 S. W. 596.

Appeal from the District Court of Hunt County.   Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for abandonment, after seduction and marriage, penalty three years in the penitentiary.

The opinion states the case.

*Jas. W. Barrett* of Greenville, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District Court of Hunt County of the offense of abandonment after

seduction and marriage, and his punishment assessed at three years in the penitentiary.

The record presents but one question for our consideration and that is the sufficiency of the evidence to sustain the conviction. The appellant was charged by indictment under Art. 507 (1450) Penal Code 1925, of abandonment of Maude Lee (Beggs) Wade after seduction and marriage as above stated. Said article states:

"If any person by promise of marriage shall seduce an unmarried female under the age of twenty-five years and shall have carnal knowledge of said female, and if after prosecution has begun, the parties marry each other at any time before the defendant pleads to the indictment . . . and if the defendant . . . shall abandon her . . . he shall be confined in the penitentiary, etc."

It will be observed from the above Article that it is absolutely essential in a prosecution of this kind for the State to allege and show that the said female was seduced by the appellant before conviction could stand. The record in this case utterly fails to show that any evidence whatever was introduced by the State, or otherwise, tending to show that the appellant seduced the prosecutrix. In the case of Seely v. State, 203 S. W. 596, this court in construing Art. 507, supra, through Presiding Judge Morrow, stated: "The essential elements of the offense are a seduction, a marriage and an abandonment." It will be readily observed from the Article and decision supra that there is only one thing for this court to do, and that is to hold that said evidence is insufficient to sustain the conviction and that the trial court was in error in refusing a new trial in this case. For the reason above mentioned the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.