A. R. Benson v. The State.

No. 17109.   Delivered January 16, 1935.
Rehearing Denied February 27, 1935.

The opinion states the case.

*Shead & Smith,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for robbery, punishment assessed being fifteen years in the penitentiary.

The indictment alleges that appellant by assault and violence took from R. C. Barnwell a diamond stud and a diamond ring. The record contains no bills of exception. The only question before this court is the sufficiency of the evidence to support the verdict. We deem it unnecessary to make an extended statement of the testimony. Barnwell, the injured party, positively identified appellant and another as the two men who committed the assault upon him and took from him the property heretofore referred to. Appellant did not testify himself,

but introduced testimony which raised an issue of alibi, which issue was properly submitted to the jury, and whose finding was adverse to appellant on that point. The evidence appears ample to support the conviction.

We notice from the transcript that there is either an omission in copying the sentence, or the court failed to give application to the indeterminate sentence law as required in art. 775, C. C. P. The sentence will be amended so as to direct appellant's confinement in the penitentiary for not less than five years, nor more than 15 years.

As so amended, the judgment is affirmed.

*Reformed and affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's motion for rehearing asserts that the indictment herein is bad for two reasons, viz: it alleges that the crime was committed on the_____ day of January, 1934; also fails to allege that said crime was committed in Upshur county. The indictment recites in its beginning that the grand jurors for the County of Upshur, State of Texas, present in and to the district court of said county, that on or about the_____ day of January, 1934, and anterior to the return of the indictment, A. R. Benson in said county and State, did, etc. The indictment was returned April 18, 1934. This sufficiently charges that the crime was committed in Upshur County.

In some of the early cases decided by this court, and the Supreme Court when it had criminal jurisdiction, it was held held that there must be an allegation of a day certain, as the time of the commission of the offense. State v. Randle, 41 Texas, 292; State v. Slack, 30 Texas, 354; State v. Johnson, 32 Texas, 96; State v. Eubanks, 41 Texas, 291. However authorities equally ancient and respected laid down the rule that it was sufficient to allege that the crime was committed "on or about" a certain date. State v. McMickel, 34 Texas, 676; State v. Elliott, 34 Texas, 148; State v. Hill, 35 Texas, 349; Johnson v. State, 1 Texas App., 118. Without exception, as far as we know, the rule has been laid down and adhered to that the exact date laid in an indictment need not be proved, and all the cases on the point hold unanimously that such averment is sufficiently met by proof of the commission of the offense as of any date anterior to the return of the indictment and within the period of limitation theretofore. Mathis v. State, 97 Texas Crim. App., 222; Hunter v. State, 95 Texas Crim. Rep., 394;

Cottrell v. State, 91 Texas Crim. Rep., 131; Daniel v. State, 90 Texas Crim. Rep., 225.

It would seem to need no argument to make plain that under such rule,—to allege in an indictment "on or about" a named date, means nothing in the way of notice to the accused of what he must expect to meet in this regard. If the averment of "on or about" a certain date may be met by proof of any date within two or three or five years, dependent upon the limitation statute applicable to such case, it is plain that this would be of no value whatever to the accused in the matter of notice. The question would follow naturally: Is it not unreasonable and out of line in view of what we have said, to hold it reversible error for the indictment to fail to name a particular day as that of the commission of a crime, since all the recent and old decisions hold that "on or about" is a good averment, and will be met by proof that the offense was in fact committed within the period of limitation. In Presley v. State, 60 Texas Crim. Rep., 102, Judge Davidson, for the court, upheld an indictment which alleged that the crime was committed "on or before the 21st day of July." While asserting his objection to what he calls such loose pleading, in which protest he is joined by all the members of the present court, Judge Davidson says:

"It is well enough in setting out the date to be specific; but under the decisions in this State we are of opinion that this expression is not too indefinite, viewed from the standpoint of limitation. The date of the offense must be alleged so that it does not show on the face of the pleading to be barred by limitation. This seems to be the criterion of our decisions with reference to this matter. Quite a number of decisions are to the effect "on or about" a certain date is sufficient allegation of time. 'On or before' may be perhaps a little broader as to time than the expression 'on or about,' but under all the decisions the setting out of the date in the indictment as to the commission of the offense is to show that at the time of the presentment of the indictment the offense was not barred by limitation. Of course, under the allegation in this indictment, the evidence for the State would have to show the offense was within the period of limitation, counting back from the time the indictment was presented in the court by the grand jury. Viewing it from these standpoints, we are of opinion that the indictment is not so deficient as to require this court to hold good a motion to quash."

The same case, on the same indictment, was again before

this court and affirmed, as reported in 64 Texas Crim. Rep., 128. Judge Willson, in Lucas v. State, 27 Texas App., 322, pointedly states that all that is now required of an allegation as to the time of an offense, is to state that it was on some date anterior to the presentment of the indictment, and not so remote as to be barred by limitation, and the date proved need not be the date alleged, all that is required is that the time of the commission of the offense be proved and be shown to be anterior to the return of the indictment and not too remote. In other jurisdictions the omission of the day of the month from the charging part of the indictment, is held not to vitiate same. So, also, has the Supreme Court of the United States. See Ledbetter v. United States, 170 U. S., 606; United States v. Conrad, 59 Fed., 458; Vowells v. Com., 84 Ky., 52; State v. Moore, 203 Mo., 624. See also vol. 14, R. C. L., 181; vol. 31, Corpus Juris, 681. We call attention, however, to the fact that in case time be an element of the offense attempted to be charged, such rule might not hold good. It is careless pleading to allege that the offense in the instant case was committed on the_____ day of January, 1934, but our desire to punish a careless pleader should not lead us to reverse a judgment merely to inflict such punishment. Following precedent we might uphold same if it had said "on or before" January 31, 1934, and would hold it good if it said "on or about" January 1, 1934. Both the State and the accused know that neither is binding, and that such averment is referable to the rules laid down in all the authorities, that exact averment is immaterial provided the proof make out a case showing commission of the offense before the indictment is returned and within the period of limitation. The four cases first above referred to, and any others, holding it reversible error to fail to name a particular day, are overruled.

Being unable to agree with appellant's contention, the motion for rehearing is overruled.

*Overruled.*