**Ex parte Cecil Dale McFARLAND.**

**No. 68883.**

Court of Criminal Appeals of Texas, En Banc.

May 19, 1982.

---

Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

CLINTON, Judge.

On original submission the Court found that the indictment alleging that the applicant[1] committed the offense "on or about the 31st day of April, A.D. 1978" stated "an *impossible* date,"[2] is fundamentally defective and did not confer jurisdiction on the trial court. Tex.Cr.App., 629 S.W.2d 761. In his motion for rehearing the State Prosecuting Attorney strongly argues that the "on or about" language of the indictment

---

1. See Tex.Cr.App. Rule 8(b).

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

serves adequately to provide the trial court with jurisdiction. We granted his motion for leave to file in order to examine the issue anew, and now conclude for reasons about to be stated that the relief requested by applicant should be denied.

Over the last twenty five years the track of authority for the proposition that to be sufficient an indictment "must give day, month and year of the commission of the offense" has led back to 1 Branch's Annotated Penal Code (2nd ed.) § 452.[3]

The penultimate case listed in Branch's second edition is *Mealer v. State*, 66 Tex. Cr.R. 140, 145 S.W. 353 (1912),[4] and it appears to have collated many authorities to support the following proposition:

> "Our statute, in prescribing the requisites of an indictment and an information, requires that it state the *date* on which the defendant has committed the offense, and it has been uniformly held by this court and the Supreme Court when it had criminal jurisdiction, that the indictment or information and complaint *must give the day, month, and year of the commission of the offense* [Emphasis in original]." (Citations are omitted)[5] *Id.*, 66 Tex.Cr.R. 140, 145 S.W. at 355.

*State v. Eubanks*, 41 Tex. 291 (1874)[6] addressed an indictment alleging that the offense was committed "on the ___ day of December" 1872. The entire explanation is:

> " . . . It is the universal practice, in describing an offense, to state a day on

which it was committed, though it may not generally be necessary to prove that it took place on that particular day. It has been held error to omit the day of the month." (1 Wharton's Am.Cr.Law § 264 is cited.)

After *Eubanks*, and the other decisions listed in Branch's, but before *Bennett v. State*, supra, and later decisions that continued to cite Branch's, there was *Benson v. State*, 128 Tex.Cr.R. 72, 79 S.W.2d 122 (1935). Missed by the reviser of Branch's second edition in 1956, is that the Court noticed "the early cases decided by this court, and the Supreme Court when it had criminal jurisdiction"—*State v. Eubanks*, supra, and three other opinions of the Supreme Court listed by Branch's—and after thoroughly examining another line of cases found the indictment before it was good enough and concluded:

> "The *four cases first referred to*, and any others, holding it reversible error to fail to name a particular day, are *overruled*."[7]

Since 1956 then reliance on Branch's has been misplaced. We do not suggest that it is incorrect to find fatally defective an indictment alleging commission of the offense "on or about the ___ day of _____, A.D. 1900," or whatever year, just that the authority usually cited to support the finding has lost its vitality. There *are* valid reasons for such a finding in our statutes.

---

3. *Ex parte Hyett*, 610 S.W.2d 787, 789 (Tex.Cr. App.1981); *Hill v. State*, 544 S.W.2d 411 (Tex. Cr.App.1976); *Hess v. State*, 528 S.W.2d 842 (Tex.Cr.App.1975)—relying on Branch's "and cases there cited." See also *Bennett v. State*, 163 Tex.Cr.R. 638, 295 S.W.2d 217 (1956), referring to the first edition of Branch's then extant.

4. The listing in note 23 following Article 21.02, V.A.C.C.P., is similar, *Mealer* being the last named.

5. Every decision of the Court referred to dealt with an identical defect: the date was given as "on or about the ___ day of _____, A.D. 1900," and each is linked to *State v. Eubanks*, 41 Tex. 291. That decision by the Supreme Court and two earlier ones are also cited in the opinion by the *Mealer* Court, written by Judge Prendergast. In the latter neither time nor

place was alleged. The *Mealer* indictment was not defective in the allegation of time, but the date was important in determining whether the complaint and information charged a felony or misdemeanor offense against the prohibition law. Thus, Judge Prendergast invoked the rule of decisions cited in order to assume that the offense actually occurred on the day alleged.

6. At the time the State was permitted to appeal.

7. Just as in *Eubanks* the indictment omitted to state a day or date on which the offense was alleged to have been committed: unlike *Eubanks*, though, it alleged "on or about the ___ day of January, 1934" etcetera. Thus, *Eubanks* was *overruled* on its facts as well.

First, Article 21.02, V.A.C.C.P., itself provides that an indictment is sufficient if it meets, *inter alia,* this requisite:

> The time mentioned must be *some* date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation."

The provision contemplates that facially a "time" will be mentioned by giving a date which comes before the day of presentment but not back beyond the period of limitations.

Second, and concomitantly, Article 27.08, V.A.C.C.P., provides an accused with a good exception to the substance of the indictment when the sixth requisite of Article 21.02, supra, is not met, *viz:*

> "2. That it appears from the face thereof that a prosecution for the offense is barred by lapse of time, or that the offense was committed after the finding of the indictment."

Obviously, an indictment that does not allege *any time* at all is substantively insufficient, for it cannot be tested against the sixth requisite of Article 21.02 by an exception under Article 27.08. Though "measures of public policy," *Vasquez v. State,* 557 S.W.2d 779, 781 (Tex.Cr.App.1977), a "complete defense" accruing under a statute of limitations, *Archer v. State,* 577 S.W.2d 244 (Tex.Cr.App.1979), is a bar to prosecution. See *Vasquez v. State,* supra, at 783. Early on, conflicting expressions by the Supreme Court of Texas were settled in *Drummond v. The State,* 4 Tex.App. 150 (Ct.App.1878), when the court opted for view of *Sanders v. The State,* 26 Tex. 119, 120 (1861)—that the allegation of time in an indictment is a matter of substance, and not amendable— because the predecessor statute to Article 21.02 "bears us out in this view of the matter," *id.,* at 152.

But what of the "impossible date?" So far as readily ascertained, the notion of that kind of time was first alluded to without further explication in *Shoefercater v. The State,* 5 Tex.App. 207 (Ct.App.1878): "When a time is limited by the statute for preferring an indictment, the time laid should appear within the time limited. An indictment alleging an impossible day, or a day subsequent to the indictment is defective." *Id.,* at 212.[8] But anent the specific type applicant says confronts us in the case at bar, the Court dealt with that in *Stephens v. State,* 51 Tex.Cr.R. 406, 103 S.W. 904 (1907). The indictment charged the offense had been committed *"on* June 31, 1906," and appellant contended that is an impossible date. All of the authorities heretofore mentioned or discussed were cited by him, though none is apposite. Writing for the Court, Judge Brooks stated:

> "A majority of the court thinks this position is well taken; but even conceding that any of the authorities cited support the proposition, yet the writer thinks the position is absurd. If the indictment had charged the defendant committed the offense *on or about* the 15th day of June, it could have been the 30th of June or the 1st of June, and yet a valid prosecution maintained. It does state the offense was committed in June, and the fact of it stating an impossible date in June would be merely surplusage, and would not vitiate a prosecution."

Then came the companion cases of *McGinsey v. State,* 60 Tex.Cr.R. 505, 132 S.W. 773 (1910) and *Nobles v. State,* 60 Tex.Cr.R. 504, 132 S.W. 773 (1910), in which *"on* the 29th day of February, 1910" was found to be an impossible date. The Court relied on *Stephens v. State,* supra, and out of all the cases Judge Brooks had collated, mentioned only *Barnes v. State,* supra, which left blank both the day and the month. But, according to Shephard's Texas Citations, as precedent *Stephens* played out in *McGinsey,* and *McGinsey* was never again cited until it was obliquely pointed out in *Ex parte Millard,* 587 S.W.2d 703, 706 (Tex.Cr.App.1979), saying, *"In the circumstances there* February 29, 1910 was an impossible date," *id.,* n. 3.

---

8. Earlier in *Blake v. The State,* 3 Tex.App. 149 (Ct.App.1877) the court thought "one thousand eight and seventy-five" in an information "can hardly be said [to charge] any date at all." See also *Hefner v. The State,* 16 Tex.App. 573 (Ct. App.1884).

The circumstances in the case at bar are different in that the indictment alleges that the offense occurred "on *or about* the 31st day of April, A.D. 1978." The holding of the Court in *Benson v. State*, though not all its rationale, attests to the distinction, and for the reasons stated by Judge Brooks we are satisfied the allegation here does not present fundamental error.

Accordingly, the State's motion is granted and the requested relief is denied.

ROBERTS and TEAGUE, JJ., dissent, relying on the reasons given in *Ex parte Millard*, 587 S.W.2d 703, 706 (Tex.Cr.App. 1979).